JFS/RLM/js                    08112A-06001                    Doc#1430412

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL MUSTARI and ROY HICKSTEIN | ) | |
| | ) | |
| Plaintiffs, | ) | No. 06CV2667 |
| | ) | |
| v. | ) | Judge Nordberg |
| | ) | Magistrate Denlow |
| UPRIGHT, INC., a foreign corporation, | ) | |
| UPRIGHT SCAFFOLDING INC., a foreign | ) | Jury Trial Requested |
| Corporation, and UI DISTRIBUTION NORTH | ) | |
| AMERICA, INC., a foreign corporation | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT UI DISTRIBUTION NORTH AMERICA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant UI DISTRIBUTION NORTH AMERICA, INC. ("Answering Defendant"),

answers PAUL MUSTARI and ROY HICKSTEIN's ("Plaintiffs") Complaint as follows:

**COUNT I – PAUL MUSTARI
STRICT LIABILITY – INADEQUATE WARNING – UPRIGHT, INC.**

1.     That on March 31, 2004, and for a certain period of time prior thereto, Defendant,

UPRIGHT, INC., (hereinafter, "UPRIGHT") was a California corporation conducting business

within the State of Illinois.

**ANSWER:**    This Answering Defendant admits that on March 31, 2004, UPRIGHT, INC., was

a California corporation.  This Answering Defendant denies knowledge or information sufficient

to form a belief as to the truth of the remainder of the allegations contained in Count I of the

Complaint, Paragraph 1.

2.     That on and before March 31, 2004, Defendant, UPRIGHT, was engaged in the

business of placing certain products into the stream of commerce with the reasonable expectation

of reaching the State of Illinois and did so, in fact, on multiple occasions and in multiple

transactions place into the stream of commerce certain aluminum scaffolds which were

physically present within the State of Illinois on said date.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I of the Complaint, Paragraph 2.

3.     That on an [sic] before March 31, 2004, Plaintiff, PAUL MUSTARI, was a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I of the Complaint, Paragraph 3.

4.     That on or about March 31, 2004, and for sometime prior thereto, there existed a building, Gallery 37, at or near 66 East Randolph Street, Chicago, Cook County, Illinois.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I of the Complaint, Paragraph 4.

5.     That on said date and at all relevant times hereto, Plaintiff, PAUL MUSTARI, was lawfully on or about the aforesaid building.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I of the Complaint, Paragraph 5.

6.     That on said date and at all relevant times hereto, Plaintiff, PAUL MUSTARI, was painting or otherwise working while on the aforesaid premises.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I of the Complaint, Paragraph 6.

7.     That on said date and at all relevant times hereto, the scaffolding used to perform the work on the aforesaid premises was designed, manufactured and/or distributed by Defendant, UPRIGHT.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I of the Complaint, Paragraph 7.

8.     That Defendant, UPRIGHT, had a duty to design, manufacture, distribute, and sell the aforesaid scaffold so that it was neither defective, nor unreasonably dangerous when put to a foreseeable use for which it was designed, manufactured, distributed or sold.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I of the Complaint, Paragraph 8.

9.      That on said date and at all relevant times hereto, the Defendant, UPRIGHT, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT'S, control and entered the stream of commerce:

a.      failed to include sufficient and adequate instructions on the proper use of the scaffold including but not limited to the leg locking mechanism;

b.      failed to properly warn consumers and users, including Plaintiff, PAUL MUSTARI, of the unreasonably dangerous condition of the product including but not limited that the fact that the leg locking mechanism could fail;

c.      failed to include sufficient and adequate instructions and warnings regarding the use of the aforesaid scaffolding; and

d.      failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, PAUL MUSTARI, of the dangers or hazards inherent in the use of the aforesaid scaffolding.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I of the Complaint, Paragraph 9.

10.      That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I of the Complaint, Paragraph 10.

11.      As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I of the Complaint, Paragraph 11.

## COUNT II – ROY HICKSTEIN
## STRICT LIABILITY – INADEQUATE WARNING – UPRIGHT, INC.

1. That on March 31, 2004, and for a certain period of time prior thereto, Defendant UPRIGHT, INC., (hereinafter, "UPRIGHT") was a California corporation conducting business within the State of Illinois.

**ANSWER:** This Answering Defendant admits that on March 31, 2004, UPRIGHT, INC., was a California corporation. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count II of the Complaint, Paragraph 1.

2. That on and before March 31, 2004, Defendant, UPRIGHT, was engaged in the business of placing certain products into the stream of commerce with the reasonable expectation of reaching the State of Illinois and did so, in fact, on multiple occasions and in multiple transactions place into the stream of commerce certain aluminum scaffolds which were physically present within the State of Illinois on said date.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II of the Complaint, Paragraph 2.

3. That on an [sic] before March 31, 2004, Plaintiff, ROY HICKSTEIN, was a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II of the Complaint, Paragraph 3.

4. That on or about March 31, 2004, and for sometime prior thereto, there existed a building, Gallery 37, at or near 66 East Randolph Street, Chicago, Cook County, Illinois.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II of the Complaint, Paragraph 4.

5. That on said date and at all relevant times hereto, Plaintiff, ROY HICKSTEIN, was lawfully on or about the aforesaid building.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II of the Complaint, Paragraph 5.

6.     That on said date and at all relevant times hereto, Plaintiff, ROY HICKSTEIN, was painting or otherwise working while on the aforesaid premises.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II of the Complaint, Paragraph 6.

7.     That on said date and at all relevant times hereto, the scaffolding used to perform the work on the aforesaid premises was designed, manufactured and/or distributed by Defendant, UPRIGHT.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II of the Complaint, Paragraph 7.

8.     That Defendant, UPRIGHT, had a duty to design, manufacture, distribute, and sell the aforesaid scaffold so that it was neither defective, nor unreasonably dangerous when put to a foreseeable use for which it was designed, manufactured, distributed or sold.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II of the Complaint, Paragraph 8.

9.     That on said date and at all relevant times hereto, the Defendant, UPRIGHT, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT'S, control and entered the stream of commerce:

a.     failed to include sufficient and adequate instructions on the proper use of the scaffold including but not limited to the leg locking mechanism;

b.     failed to properly warn consumers and users, including Plaintiff, ROY HICKSTEIN, of the unreasonably dangerous condition of the product including but not limited that the fact that the leg locking mechanism could fail;

c.     failed to include sufficient and adequate instructions and warnings regarding the use of the aforesaid scaffolding; and

d.     failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, ROY HICKSTEIN, of the dangers or hazards inherent in the use of the aforesaid scaffolding.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II of the Complaint, Paragraph 9.

10.     That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II of the Complaint, Paragraph 10.

11.     As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II of the Complaint, Paragraph 11.

### COUNT III – PAUL MUSTARI
### NEGLIGENCE – INADEQUATE WARNING – UPRIGHT, INC.

1-8.     Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count I, as Paragraphs 1 through 8 of Count III as though fully set forth herein.

**ANSWER:**     This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count I, as Paragraphs 1 through 8 of its answer to Count III of the Complaint.

9.     That on said date and at all relevant times hereto, the Defendant, UPRIGHT, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT'S, control and entered the stream of commerce:

a.     negligently and carelessly failed to include sufficient and adequate instructions on the proper use of the scaffolding including but not limited to the leg locking mechanism when the Defendant knew or should have known of dangers associated with the leg locking mechanisms;

b.     negligently and carelessly failed to properly warn consumers and users, including Plaintiff, PAUL MUSTARI, of the unreasonably dangerous condition of the product including but not limited to the fact that the leg locking mechanism could fail;

6

c.  negligently and carelessly failed to include sufficient and adequate instructions regarding the use of the aforesaid scaffolding when the Defendant knew or should have known of the dangers inherent in the use of the aforesaid scaffold; and

d.  negligently and carelessly failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, PAUL MUSTARI, of the dangers or hazards inherent in the use of the aforesaid scaffolding when Defendant knew or should have known of them.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count III of the Complaint, Paragraph 9.

10.   That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count III of the Complaint, Paragraph 10.

11.   As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count III of the Complaint, Paragraph 11.

### COUNT IV – ROY HICKSTEIN
### NEGLIGENCE – INADEQUATE WARNING – UPRIGHT, INC.

1-8.   Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count II, as Paragraphs 1 through 8 of Count IV of the Complaint as though fully set forth herein.

**ANSWER:**   This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count II, as Paragraphs 1 through 8 of its answer to Count IV of the Complaint.

9.   That on said date and at all relevant times hereto, the Defendant, UPRIGHT, committed one or more of the following acts and/or omissions thereby rendering the product

unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT'S, control and entered the stream of commerce:

    a.    negligently and carelessly failed to include sufficient and adequate instructions on the proper use of the scaffolding including but not limited to the leg locking mechanism when the Defendant knew or should have known of dangers associated with the leg locking mechanisms;

    b.    negligently and carelessly failed to properly warn consumers and users, including Plaintiff, ROY HICKSTEIN, of the unreasonably dangerous condition of the product including but not limited to the fact that the leg locking mechanism could fail;

    c.    negligently and carelessly failed to include sufficient and adequate instructions regarding the use of the aforesaid scaffolding when the Defendant knew or should have known of the dangers inherent in the use of the aforesaid scaffold; and

    d.    negligently and carelessly failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, ROY HICKSTEIN, of the dangers or hazards inherent in the use of the aforesaid scaffolding when Defendant knew or should have known of them.

**<u>ANSWER:</u>**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IV of the Complaint, Paragraph 9.

    10.    That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**<u>ANSWER:</u>**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IV of the Complaint, Paragraph 10.

    11.    As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**<u>ANSWER:</u>**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IV of the Complaint, Paragraph 11.

### COUNT V – PAUL MUSTARI
### STRICT LIABILITY – DEFECTIVE DESIGN – UPRIGHT, INC.

1-8.    Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count I, as Paragraphs 1 through 8 of  its answer to Count V of the Complaint as though fully set forth herein.

**ANSWER:**    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count I, as Paragraphs 1 through 8 of its answer to Count V of the Complaint.

9.    That on said date and at all relevant times hereto, Defendant, UPRIGHT, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT'S, control and entered the stream of commerce:

     a.    failed to properly design the scaffold and its component parts, including but not limited to the leg locking mechanism so as to prevent from collapsing;

     b.    failed to properly design the scaffold and its component parts including but not limited to the leg locking mechanism, to include a fail safe device;

     c.    failed to properly design the scaffold and its component parts, including but not limited to the foot caster brackets, so as to properly, sufficiently and adequately secure the leg extensions during use; and

     d.    failed to properly design the scaffold so as to provide a mechanism by which to determine whether the leg extensions are level prior to and during use.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count V of the Complaint, Paragraph 9.

10.    That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, PAUL MUSTARI., was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count V of the Complaint, Paragraph 10.

11.    As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning

capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count V of the Complaint, Paragraph 11.

**COUNT VI – ROY HICKSTEIN**
**STRICT LIABILITY – DEFECTIVE DESIGN – UPRIGHT, INC.**

1-8.    Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count II, as Paragraphs 1 through 8 of Count VI of the Complaint as though fully set forth herein.

**ANSWER:**    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count II, as Paragraphs 1 through 8 of its answer to Count VI of the Complaint.

9.    That on said date and at all relevant times hereto, Defendant, UPRIGHT, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT'S, control and entered the stream of commerce:

      a.    failed to properly design the scaffold and its component parts, including but not limited to the leg locking mechanism so as to prevent from collapsing;

      b.    failed to properly design the scaffold and its component parts including but not limited to the leg locking mechanism, to include a fail safe device;

      c.    failed to properly design the scaffold and its component parts, including but not limited to the foot caster brackets, so as to properly, sufficiently and adequately secure the leg extensions during use; and

      d.    failed to properly design the scaffold so as to provide a mechanism by which to determine whether the leg extensions are level prior to and during use.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count VI of the Complaint, Paragraph 9.

10.    That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, ROY HICKSTEIN., was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count VI of the Complaint, Paragraph 10.

11. As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count VI of the Complaint, Paragraph 11.

**COUNT VII – PAUL MUSTARI**
**NEGLIGENCE – DEFECTIVE DESIGN – UPRIGHT, INC.**

1-8. Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count I, as Paragraphs 1 through 8 of Count VII of the Complaint as though fully set forth herein.

**ANSWER:** This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count I, as Paragraphs 1 through 8 its answer to of Count VII of the Complaint.

9. That on said date and at all relevant times hereto, the Defendant, UPRIGHT, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT'S, control and entered the stream of commerce:

    a. negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism so as to prevent from collapsing, when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

    b. negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism, to include a fail safe device when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

    c. negligently and carelessly failed to properly design the scaffold and its component parts, including the foot caster brackets, so as to properly, sufficiently, and adequately secure the leg extensions during use when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury; and

11

d. negligently and carelessly failed to properly design the scaffold and its component parts to include a mechanism by which it could be determined whether the leg extensions are level prior to and during use when the Defendant knew of should have known that such was reasonably necessary to avoid potential injury.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count VII of the Complaint, Paragraph 9.

10. That as a direct and proximate result of one or more of the foregoing conditions, the Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count VII of the Complaint, Paragraph 10.

11. As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count VII of the Complaint, Paragraph 11.

**COUNT VIII – ROY HICKSTEIN**
**NEGLIGENCE – DEFECTIVE DESIGN – UPRIGHT, INC.**

1-8. Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count II, as Paragraphs 1 through 8 of Count VIII of the Complaint as though fully set forth herein.

**ANSWER:** This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count II, as Paragraphs 1 through 8 of its answer to Count VIII of the Complaint.

9. That on said date and at all relevant times hereto, the Defendant, UPRIGHT, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT'S, control and entered the stream of commerce:

      a        negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism so as to prevent from collapsing, when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

      b.      negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism, to include a no fail safe device when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

      c        negligently and carelessly failed to properly design the scaffold and its component parts, including the foot caster brackets, so as to properly, sufficiently, and adequately secure the leg extensions during use when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury; and

      d.      negligently and carelessly failed to properly design the scaffold and its component parts to include a mechanism by which it could be determined whether the leg extensions are level prior to and during use when the Defendant knew of should have known that such was reasonably necessary to avoid potential injury.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count VIII of the Complaint, Paragraph 9.

10.    That as a direct and proximate result of one or more of the foregoing conditions, the Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count VIII of the Complaint, Paragraph 10.

11.    As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count VIII of the Complaint, Paragraph 11.

## COUNT IX – PAUL MUSTARI
## STRICT LIABILITY – INADEQUATE WARNING – UPRIGHT SCAFFOLDING, INC.

1.     That on March 31, 2004, and for a certain period of time prior thereto, Defendant, UPRIGHT SCAFFOLDING, INC., (hereinafter, "UPRIGHT SCAFFOLDING') was a California corporation conducting business within the State of Illinois.

**ANSWER:**     This Answering Defendant admits that on March 31, 2004, UPRIGHT SCAFFOLDING, INC. was a California corporation.    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count IX of the Complaint, Paragraph 1.

2.     That on and before March 31, 2004, Defendant, UPRIGHT SCAFFOLDING, was engaged in the business of placing certain products into the stream of commerce with the reasonable expectation of reaching the State of Illinois and did so, in fact, on multiple occasions and in multiple transactions place into the stream of commerce certain aluminum scaffolds which were physically present within the State of Illinois on said date.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX of the Complaint, Paragraph 2.

3.     That on an [sic] before March 31, 2004, Plaintiff, PAUL MUSTARI, was a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX of the Complaint, Paragraph 3.

4.     That on or about March 31, 2004, and for sometime prior thereto, there existed a building, Gallery 37, at or near 66 East Randolph Street, Chicago, Cook County, Illinois.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX of the Complaint, Paragraph 4.

5.     That on said date and at all relevant times hereto, Plaintiff, PAUL MUSTARI, was lawfully on or about the aforesaid building.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX of the Complaint, Paragraph 5.

6.      That on said date and at all relevant times hereto, Plaintiff, PAUL MUSTARI, was painting or otherwise working while on the aforesaid premises.

**ANSWER:**      This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX of the Complaint, Paragraph 6.

7.      That on said date and at all relevant times hereto, the scaffolding used to perform the work on the aforesaid premises was designed, manufactured and/or distributed by Defendant, UPRIGHT SCAFFOLDING.

**ANSWER:**      This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX of the Complaint, Paragraph 7.

8.      That Defendant, UPRIGHT SCAFFOLDING, had a duty to design, manufacture, distribute, and sell the aforesaid scaffold so that it was neither defective, nor unreasonably dangerous when put to a foreseeable use for which it was designed, manufactured, distributed or sold.

**ANSWER:**      This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX of the Complaint, Paragraph 8.

9.      That on said date and at all relevant times hereto, the Defendant, UPRIGHT SCAFFOLDING, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT SCAFFOLDING'S, control and entered the stream of commerce:

   a.      failed to include sufficient and adequate instructions on the proper use of the scaffold including but not limited to the leg locking mechanism;

   b.      failed to properly warn consumers and users, including Plaintiff, PAUL MUSTARI, of the unreasonably dangerous condition of the product including but not limited that the fact that the leg locking mechanism could fail;

   c.      failed to include sufficient and adequate instructions regarding the use of the aforesaid scaffolding; and

   d.      failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, PAUL MUSTARI, of the dangers or hazards inherent in the use of the aforesaid scaffolding.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX of the Complaint, Paragraph 9.

10. That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX of the Complaint, Paragraph 10.

11. As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX of the Complaint, Paragraph 11.

<u>COUNT X – ROY HICKSTEIN</u>
<u>STRICT LIABILITY – INADEQUATE WARNING – UPRIGHT SCAFFOLDING, INC.</u>

1. That on March 31, 2004, and for a certain period of time prior thereto, Defendant, UPRIGHT SCAFFOLDING, INC., (hereinafter, "UPRIGHT SCAFFOLDING') was a California corporation conducting business within the State of Illinois.

**ANSWER:** This Answering Defendant admits that on March 31, 2004, UPRIGHT SCAFFOLDING, INC. was a California corporation. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count X of the Complaint, Paragraph 1.

2. That on and before March 31, 2004, Defendant, UPRIGHT SCAFFOLDING, was engaged in the business of placing certain products into the stream of commerce with the reasonable expectation of reaching the State of Illinois and did so, in fact, on multiple occasions

and in multiple transactions place into the stream of commerce certain aluminum scaffolds which were physically present within the State of Illinois on said date.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X of the Complaint, Paragraph 2.

3.    That on an before March 31, 2004, Plaintiff, ROY HICKSTEIN, was a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X of the Complaint, Paragraph 3.

4.    That on or about March 31, 2004, and for sometime prior thereto, there existed a building, Gallery 37, at or near 66 East Randolph Street, Chicago, Cook County, Illinois.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X of the Complaint, Paragraph 4.

5.    That on said date and at all relevant times hereto, Plaintiff, ROY HICKSTEIN, was lawfully on or about the aforesaid building.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X of the Complaint, Paragraph 5.

6.    That on said date and at all relevant times hereto, Plaintiff, ROY HICKSTEIN, was painting or otherwise working while on the aforesaid premises.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X of the Complaint, Paragraph 6.

7.    That on said date and at all relevant times hereto, the scaffolding used to perform the work on the aforesaid premises was designed, manufactured and/or distributed by Defendant, UPRIGHT SCAFFOLDING.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X of the Complaint, Paragraph 7.

8.    That Defendant, UPRIGHT SCAFFOLDING, had a duty to design, manufacture, distribute, and sell the aforesaid scaffold so that it was neither defective, nor unreasonably

dangerous when put to a foreseeable use for which it was designed, manufactured, distributed or sold.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X of the Complaint, Paragraph 8.

9.       That on said date and at all relevant times hereto, the Defendant, UPRIGHT SCAFFOLDING, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT SCAFFOLDING'S, control and entered the stream of commerce:

   a.      failed to include sufficient and adequate instructions on the proper use of the scaffold including but not limited to the leg locking mechanism;

   b.      failed to properly warn consumers and users, including Plaintiff, ROY HICKSTEIN, of the unreasonably dangerous condition of the product including but not limited that the fact that the leg locking mechanism could fail;

   c.      failed to include sufficient and adequate instructions regarding the use of the aforesaid scaffolding; and

   d.      failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, ROY HICKSTEIN, of the dangers or hazards inherent in the use of the aforesaid scaffolding.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X of the Complaint, Paragraph 9.

10.      That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X of the Complaint, Paragraph 10.

11.      As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X of the Complaint, Paragraph 11.

**COUNT XI – PAUL MUSTARI**
**NEGLIGENCE – INADEQUATE WARNING – UPRIGHT SCAFFOLDING, INC.**

1-8.    Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count IX, as Paragraphs 1 through 8 of Count XI of the Complaint as though fully set forth herein.

**ANSWER:**    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count IX, as Paragraphs 1 through 8 of its answer to Count XI of the Complaint.

9.    That on said date and at all relevant times hereto, Defendant, UPRIGHT SCAFFOLDING, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT SCAFFOLDING'S, control and entered the stream of commerce:

a.    negligently and carelessly failed to include sufficient and adequate instructions on the proper use of the scaffolding including but not limited to the leg locking mechanism when the Defendant knew or should have known of dangers associated with the leg locking mechanisms;

b.    negligently and carelessly failed to properly warn consumers and users, including Plaintiff, PAUL MUSTARI, of the unreasonably dangerous condition of the product including but not limited to the fact that the leg locking mechanism could fail;

c.    negligently and carelessly failed to include sufficient and adequate instructions regarding the use of the aforesaid scaffolding when the Defendant knew or should have known of the dangers inherent in the use of the aforesaid scaffold; and

d.    negligently and carelessly failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, PAUL MUSTARI, of the dangers or hazards inherent in the use of the aforesaid scaffolding when Defendant knew or should have known of them.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XI of the Complaint, Paragraph 9.

10.    That as a direct and proximate result of one or more of the foregoing conditions, the Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XI of the Complaint, Paragraph 10.

11.    As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XI of the Complaint, Paragraph 11.

**COUNT XII – ROY HICKSTEIN**
**NEGLIGENCE – INADEQUATE WARNING – UPRIGHT SCAFFOLDING, INC.**

1-8.    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count X, as Paragraphs 1 through 8 of Count XII as though fully set forth herein.

**ANSWER:**    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count X, as Paragraphs 1 through 8 of Count XII as though fully set forth herein.

9.    That on said date and at all relevant times hereto, Defendant, UPRIGHT SCAFFOLDING, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT SCAFFOLDING'S, control and entered the stream of commerce:

   a.    negligently and carelessly failed to include sufficient and adequate instructions on the proper use of the scaffolding including but not limited to the leg locking mechanism when the Defendant knew or should have known of dangers associated with the leg locking mechanisms;

   b.    negligently and carelessly failed to properly warn consumers and users, including Plaintiff, PAUL MUSTARI, of the unreasonably dangerous condition of the product including but not limited to the fact that the leg locking mechanism could fail;

   c.    negligently and carelessly failed to include sufficient and adequate instructions regarding the use of the aforesaid scaffolding when the Defendant knew or should have known of the dangers inherent in the use of the aforesaid scaffold; and

   d.    negligently and carelessly failed to provide sufficient and adequate

> warnings to consumers and users including Plaintiff, PAUL MUSTARI, of the dangers or hazards inherent in the use of the aforesaid scaffolding when Defendant knew or should have known of them.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XII of the Complaint, Paragraph 9.

10.    That as a direct and proximate result of one or more of the foregoing conditions, the Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XII of the Complaint, Paragraph 10.

11.    As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XII of the Complaint, Paragraph 11.

### COUNT XIII – PAUL MUSTARI
### STRICT LIABILITY – DEFECTIVE DESIGN – UPRIGHT SCAFFOLDING, INC.

1-8.    Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count IX, as Paragraphs 1 through 8 of Count XIII of the Complaint as though fully set forth herein.

**ANSWER:**    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count IX, as Paragraphs 1 through 8 of its answer to Count XIII of the Complaint.

9.    That on said date and at all relevant times hereto, Defendant, UPRIGHT SCAFFOLDING, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT SCAFFOLDING'S, control and entered the stream of commerce:

a.   failed to properly design the scaffold and its component parts, including but not limited to the leg locking mechanism so as to prevent from collapsing;

b.   failed to properly design the scaffold and its component parts including but not limited to the leg locking mechanism, to include a fail safe device;

c.   failed to properly design the scaffold and its component parts, including but not limited to the foot caster brackets, so as to properly, sufficiently and adequately secure the leg extensions during use; and

d.   failed to properly design the scaffold so as to provide a mechanism by which to determine whether the leg extensions are level prior to and during use.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XIII of the Complaint, Paragraph 9.

10.   That as a direct and proximate result of one or more of the foregoing conditions, the Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XIII of the Complaint, Paragraph 10.

11.   As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**   This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XIII of the Complaint, Paragraph 11.

### COUNT XIV– ROY HICKSTEIN
### STRICT LIABILITY – DEFECTIVE DESIGN – UPRIGHT SCAFFOLDING, INC.

1-8.   Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count X, as Paragraphs 1 through 8 of Count XIV of the Complaint as though fully set forth herein.

**ANSWER:**   This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count X, as Paragraphs 1 through 8 of its answer to Count XIV of the Complaint.

9.      That on said date and at all relevant times hereto, Defendant, UPRIGHT SCAFFOLDING, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT SCAFFOLDING'S, control and entered the stream of commerce:

      a.    failed to properly design the scaffold and its component parts, including but not limited to the leg locking mechanism so as to prevent from collapsing;

      b.    failed to properly design the scaffold and its component parts including but not limited to the leg locking mechanism, to include a fail safe device;

      c.    failed to properly design the scaffold and its component parts, including but not limited to the foot caster brackets, so as to properly, sufficiently and adequately secure the leg extensions during use; and

      d.    failed to properly design the scaffold so as to provide a mechanism by which to determine whether the leg extensions are level prior to and during use.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XIV of the Complaint, Paragraph 9.

10.      That as a direct and proximate result of one or more of the foregoing conditions, the Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XIV of the Complaint, Paragraph 10.

11.      As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XIV of the Complaint, Paragraph 11.

## COUNT XV – PAUL MUSTARI
## NEGLIGENCE – DEFECTIVE DESIGN – UPRIGHT SCAFFOLDING, INC.

1-8.    Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count IX, as Paragraphs 1 through 8 of Count XV of the Complaint as though fully set forth herein.

**ANSWER:**    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count IX, as Paragraphs 1 through 8 of its answer to Count XV of the Complaint.

9.    That on said date and at all relevant times hereto, Defendant, UPRIGHT SCAFFOLDING, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT SCAFFOLDING'S, control and entered the stream of commerce:

a.    negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism so as to prevent from collapsing, when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

b.    negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism, to include a fail safe device when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

c.    negligently and carelessly failed to properly design the scaffold and its component parts, including the foot caster brackets, so as to properly, sufficiently, and adequately secure the leg extensions during use when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury; and

d.    negligently and carelessly failed to properly design the scaffold and its component parts to include a mechanism by which it could be determined whether the leg extensions are level prior to and during use when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XV of the Complaint, Paragraph 9.

10.    That as a direct and proximate result of one or more of the foregoing conditions, the Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XV of the Complaint, Paragraph 10.

11.     As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XV of the Complaint, Paragraph 11.

## COUNT XVI – ROY HICKSTEIN
## NEGLIGENCE – DEFECTIVE DESIGN – UPRIGHT SCAFFOLDING, INC.

1-8.     Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count X, as Paragraphs 1 through 8 of Count XVI of the Complaint as though fully set forth herein.

**ANSWER:**     This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count X, as Paragraphs 1 through 8 of its answer to Count XVI of the Complaint.

9.     That on said date and at all relevant times hereto, Defendant, UPRIGHT SCAFFOLDING, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UPRIGHT SCAFFOLDING'S, control and entered the stream of commerce:

a.     negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism so as to prevent from collapsing, when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

b.     negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism, to include a fail safe device when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

c.     negligently and carelessly failed to properly design the scaffold and its component parts, including the foot caster brackets, so as to properly, sufficiently, and adequately secure the leg extensions during use when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury; and

d.     negligently and carelessly failed to properly design the scaffold and its component parts to include a mechanism by which it could be determined whether the leg extensions are level prior to and during use when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVI of the Complaint, Paragraph 9.

10. That as a direct and proximate result of one or more of the foregoing conditions, the Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVI of the Complaint, Paragraph 10.

11. As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:** This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVI of the Complaint, Paragraph 11.

### COUNT XVII – PAUL MUSTARI
### STRICT LIABILITY – INADEQUATE WARNING
### UI DISTRIBUTION NORTH AMERICA, INC.

1. That on March 31, 2004, and for a certain period of time prior thereto, Defendant, UI DISTRIBUTION NORTH AMERICA, INC. (hereinafter, "UI DISTRIBUTION") was a California corporation conducting business within the State of Illinois.

**ANSWER:** This Answering Defendant denies the allegations contained in Count XVII of the Complaint, Paragraph 1.

2. That on and before March 31, 2004, Defendant, UI DISTRIBUTION, was engaged in the business of placing certain products into the stream of commerce with the reasonable expectation of reaching the State of Illinois and did so, in fact, on multiple occasions and in multiple transactions place into the stream of commerce certain aluminum scaffolds which were physically present within the State of Illinois on said date.

**ANSWER:**     This Answering Defendant denies the allegations contained in Count XVII of the Complaint, Paragraph 2.

3.     That on an [sic] before March 31, 2004, Plaintiff, PAUL MUSTARI, was a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVII of the Complaint, Paragraph 3.

4.     That on or about March 31, 2004, and for sometime prior thereto, there existed a building, Gallery 37, at or near 66 East Randolph Street, Chicago, Cook County, Illinois.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVII of the Complaint, Paragraph 4.

5.     That on said date and at all relevant times hereto, Plaintiff, PAUL MUSTARI, was lawfully on or about the aforesaid building.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVII of the Complaint, Paragraph 5.

6.     That on said date and at all relevant times hereto, Plaintiff, PAUL MUSTARI, was painting or otherwise working while on the aforesaid premises.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVII of the Complaint, Paragraph 6.

7.     That on said date and at all relevant times hereto, the scaffolding used to perform the work on the aforesaid premises was designed, manufactured and/or distributed and sold by Defendant, UI DISTRIBUTION.

**ANSWER:**     This Answering Defendant denies the truth of the allegations contained in Count XVII of the Complaint, Paragraph 7.

8.     That Defendant, UI DISTRIBUTION, had a duty to design, manufacture, distribute, and sell the aforesaid scaffold so that it was neither defective, nor unreasonably dangerous when put to a foreseeable use for which it was designed, manufactured, distributed or sold.

27

**ANSWER:**    This Answering Defendant denies the truth of the allegations contained in Count XVII of the Complaint, Paragraph 8.

9.    That on said date and at all relevant times hereto, the Defendant, UI DISTRIBUTION, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UI DISTRIBUTION'S, control and entered the stream of commerce:

a.    failed to include sufficient and adequate instructions on the proper use of the scaffold including but not limited to the leg locking mechanism;

b.    failed to properly warn consumers and users, including Plaintiff, PAUL MUSTARI, of the unreasonably dangerous condition of the product including but not limited that the fact that the leg locking mechanism could fail;

c.    failed to include sufficient and adequate instructions regarding the use of the aforesaid scaffolding; and

d.    failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, PAUL MUSTARI, of the dangers or hazards inherent in the use of the aforesaid scaffolding.

**ANSWER:**    This Answering Defendant denies the truth of the allegations contained in Count XVII of the Complaint, Paragraph 9.

10.    That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies that allegations in paragraphs 1, 2, 7, 8 and 9 of Count XVII were the direct and proximate cause of plaintiff PAUL MUSTARI'S alleged injuries.  This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count XVII of the Complaint, Paragraph 10.

11.    As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will

likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVII of the Complaint, Paragraph 11.

**COUNT XVIII – ROY HICKSTEIN**
**STRICT LIABILITY – INADEQUATE WARNING**
**UI DISTRIBUTION NORTH AMERICA, INC.**

1.     That on March 31, 2004, and for a certain period of time prior thereto, Defendant, UI DISTRIBUTION NORTH AMERICA, INC. (hereinafter, "UI DISTRIBUTION") was a California corporation conducting business within the State of Illinois.

**ANSWER:**     This Answering Defendant denies the truth of the allegations contained in Count XVIII of the Complaint, Paragraph 1.

2.     That on and before March 31, 2004, Defendant, UI DISTRIBUTION, was engaged in the business of placing certain products into the stream of commerce with the reasonable expectation of reaching the State of Illinois and did so, in fact, on multiple occasions and in multiple transactions place into the stream of commerce certain aluminum scaffolds which were physically present within the State of Illinois on said date.

**ANSWER:**     This Answering Defendant denies the truth of the allegations contained in Count XVIII of the Complaint, Paragraph 2.

3.     That on an [sic] before March 31, 2004, Plaintiff, ROY HICKSTEIN, was a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVIII of the Complaint, Paragraph 3.

4.     That on or about March 31, 2004, and for sometime prior thereto, there existed a building, Gallery 37, at or near 66 East Randolph Street, Chicago, Cook County, Illinois.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVIII of the Complaint, Paragraph 4.

5.      That on said date and at all relevant times hereto, Plaintiff, ROY HICKSTEIN, was lawfully on or about the aforesaid building.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVIII of the Complaint, Paragraph 5.

6.      That on said date and at all relevant times hereto, Plaintiff, ROY HICKSTEIN, was painting or otherwise working while on the aforesaid premises.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVIII of the Complaint, Paragraph 6.

7.      That on said date and at all relevant times hereto, the scaffolding used to perform the work on the aforesaid premises was designed, manufactured and/or distributed and sold by Defendant, UI DISTRIBUTION.

**ANSWER:**    This Answering Defendant denies the truth of the allegations contained in Count XVIII of the Complaint, Paragraph 7.

8.      That Defendant, UI DISTRIBUTION, had a duty to design, manufacture, distribute, and sell the aforesaid scaffold so that it was neither defective, nor unreasonably dangerous when put to a foreseeable use for which it was designed, manufactured, distributed or sold.

**ANSWER:**    This Answering Defendant denies the truth of the allegations contained in Count XVIII of the Complaint, Paragraph 8.

9.      That on said date and at all relevant times hereto, the Defendant, UI DISTRIBUTION, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UI DISTRIBUTION'S, control and entered the stream of commerce:

a.      failed to include sufficient and adequate instructions on the proper use of the scaffold including but not limited to the leg locking mechanism;

b.      failed to properly warn consumers and users, including Plaintiff, ROY HICKSTEIN, of the unreasonably dangerous condition of the product including but not limited that the fact that the leg locking mechanism could, fail;

c.      failed to include sufficient and adequate instructions regarding the use of the aforesaid scaffolding; and

           d.      failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, ROY HICKSTEIN, of the dangers or hazards inherent in the use of the aforesaid scaffolding.

**ANSWER:**    This Answering Defendant denies the truth of the allegations contained in Count XVIII of the Complaint, Paragraph 9.

    10.    That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies that allegations in paragraphs 1, 2, 7, 8 and 9 of Count XVIII were the direct and proximate cause of plaintiff ROY HICKSTEIN's alleged injuries. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count XVIII of the Complaint, Paragraph 10.

    11.    As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XVIII of the Complaint, Paragraph 11.

**COUNT XIX – PAUL MUSTARI**
**NEGLIGENCE – INADEQUATE WARNING**
**UI DISTRIBUTION NORTH AMERICA, INC.**

    1-8.    Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of Count XIX of the Complaint as though fully set forth herein.

**ANSWER:**    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of its answer to Count XIX of the Complaint.

9.     That on said date and at all relevant times hereto, the Defendant, UI DISTRIBUTION, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UI DISTRIBUTION'S, control and entered the stream of commerce:

      a.      negligently and carelessly failed to include sufficient and adequate instructions on the proper use of the scaffolding including but not limited to the leg locking mechanism when the Defendant knew or should have known of dangers associated with the leg locking mechanisms;

      b.      negligently and carelessly failed to properly warn consumers and users, including Plaintiff, PAUL MUSTARI, of the unreasonably dangerous condition of the product including but not limited to the fact that the leg locking mechanism could fail;

      c.      negligently and carelessly failed to include sufficient and adequate instructions regarding the use of the aforesaid scaffolding when the Defendant knew or should have known of the dangers inherent in the use of the aforesaid scaffold; and

      d.      negligently and carelessly failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, PAUL MUSTARI, of the dangers or hazards inherent in the use of the aforesaid scaffolding when Defendant knew or should have known of them.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XIX of the Complaint, Paragraph 9.

10.     That as a direct and proximate result of one or more of the foregoing conditions, the Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**     This Answering Defendant denies that allegations in paragraphs 1, 2, 7, 8 and 9 of Count XIX were the direct and proximate cause of plaintiff PAUL MUSTARI's alleged injuries. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count XIX of the Complaint, Paragraph 10.

11.     As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will

likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XIX of the Complaint, Paragraph 11.

<u>**COUNT XX – ROY HICKSTEIN**</u>
<u>**NEGLIGENCE – INADEQUATE WARNING**</u>
<u>**UI DISTRIBUTION NORTH AMERICA, INC.**</u>

1-8.     Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of Count XX of the Complaint as though fully set forth herein.

**ANSWER:**     This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count XVIII, as Paragraphs 1 through 8 of its answer to Count XX of the Complaint.

9.     That on said date and at all relevant times hereto, the Defendant, UI DISTRIBUTION, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UI DISTRIBUTION'S, control and entered the stream of commerce:

a.     negligently and carelessly failed to include sufficient and adequate instructions on the proper use of the scaffolding including but not limited to the leg locking mechanism when the Defendant knew or should have known of dangers associated with the leg locking mechanisms;

b.     negligently and carelessly failed to properly warn consumers and users, including Plaintiff, ROY HICKSTEIN, of the unreasonably dangerous condition of the product including but not limited to the fact that the leg locking mechanism could fail;

c.     negligently and carelessly failed to include sufficient and adequate instructions regarding the use of the aforesaid scaffolding when the Defendant knew or should have known of the dangers inherent in the use of the aforesaid scaffold; and

d.     negligently and carelessly failed to provide sufficient and adequate warnings to consumers and users including Plaintiff, ROY HICKSTEIN, of the dangers or hazards inherent in the use of the aforesaid scaffolding when Defendant knew or should have known of them.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XX of the Complaint, Paragraph 9.

33

10.     That as a direct and proximate result of one or more of the foregoing conditions, the Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**     This Answering Defendant denies that allegations in paragraphs 1, 2, 7, 8 and 9 of Count XX were the direct and proximate cause of plaintiff ROY HICKSTEIN's alleged injuries. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count XX of the Complaint, Paragraph 10.

11.     As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XX of the Complaint, Paragraph 11.

### COUNT XXI – PAUL MUSTARI
### STRICT LIABILITY – DEFECTIVE DESIGN
### UI DISTRIBUTION NORTH AMERICA, INC.

1-8.     Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of Count XXI of the Complaint as though fully set forth herein.

**ANSWER:**     This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of its answer to Count XXI of the Complaint.

9.     That on said date and at all relevant times hereto, Defendant, UI DISTRIBUTION, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UI DISTRIBUTION'S, control and entered the stream of commerce:

      a.    failed to properly design the scaffold and its component parts, including but not limited to the leg locking mechanism so as to prevent from collapsing;

     b.     failed to properly design the scaffold and its component parts including but not limited to the leg locking mechanism, to include a fail safe device;

     c.     failed to properly design the scaffold and its component parts, including but not limited to the foot caster brackets, so as to properly, sufficiently and adequately secure the leg extensions during use; and

     d.     failed to properly design the scaffold so as to provide a mechanism by which to determine whether the leg extensions are level prior to and during use.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XXI of the Complaint, Paragraph 9.

10.     That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**     This Answering Defendant denies that allegations in paragraphs 1, 2, 7, 8 and 9 of Count XXI were the direct and proximate cause of plaintiff PAUL MUSTARI's alleged injuries. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count XXI of the Complaint, Paragraph 10.

11.     As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XXI of the Complaint, Paragraph 11.

**COUNT XXII – ROY HICKSTEIN**
**STRICT LIABILITY – DEFECTIVE DESIGN**
**UI DISTRIBUTION NORTH AMERICA, INC.**

1-8.     Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of Count XXII of the Complaint as though fully set forth herein.

**ANSWER:**    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of its answer to Count XXII of the Complaint.

9.        That on said date and at all relevant times hereto, Defendant, UI DISTRIBUTION, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UI DISTRIBUTION'S, control and entered the stream of commerce:

a.    failed to properly design the scaffold and its component parts, including but not limited to the leg locking mechanism so as to prevent from collapsing;

b.    failed to properly design the scaffold and its component parts including but not limited to the leg locking mechanism, to include a fail safe device;

c.    failed to properly design the scaffold and its component parts, including but not limited to the foot caster brackets, so as to properly, sufficiently and adequately secure the leg extensions during use; and

d.    failed to properly design the scaffold so as to provide a mechanism by which to determine whether the leg extensions are level prior to and during use.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XXII of the Complaint, Paragraph 9.

10.    That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies that allegations in paragraphs 1, 2, 7, 8 and 9 of Count XXII were the direct and proximate cause of plaintiff ROY HICKSTEIN's alleged injuries.  This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count XXII of the Complaint, Paragraph 10.

11.    As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will

likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XXII of the Complaint, Paragraph 11.

**COUNT XXIII – PAUL MUSTARI**
**NEGLIGENCE  – DEFECTIVE DESIGN**
**UI DISTRIBUTION NORTH AMERICA, INC.**

1-8.    Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of Count XXIII of the Complaint as though fully set forth herein.

**ANSWER:**    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of its answer to Count XXIII of the Complaint.

9.    That on said date and at all relevant times hereto, Defendant, UI DISTRIBUTION, committed one or more of the following acts and/or omissions thereby rendering the product unreasonably dangerous and defective at the time the scaffolding left Defendant, UI DISTRIBUTION'S, control and entered the stream of commerce:

a.    negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism so as to prevent from collapsing, when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

b.    negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism, to include a fail safe device when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

c.    negligently and carelessly failed to properly design the scaffold and its component parts, including the foot caster brackets, so as to properly, sufficiently, and adequately secure the leg extensions during use when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury; and

d.    Negligently and carelessly failed to properly design the scaffold and its component parts to include a mechanism by which it could be determined whether the leg extensions are level prior to and during use when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XXIII of the Complaint, Paragraph 9.

10.    That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, PAUL MUSTARI, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies that any allegations in paragraphs 1, 2, 7, 8 and 9 of Count XXIII were direct and proximate causes of plaintiff PAUL MUSTARI'S alleged injuries. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count XXIII of the Complaint, Paragraph 10.

11.    As a further direct and proximate result of the aforesaid injuries, Plaintiff, PAUL MUSTARI, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XXIII of the Complaint, Paragraph 11.

<u>**COUNT XXIV – ROY HICKSTEIN**</u>
<u>**NEGLIGENCE – DEFECTIVE DESIGN**</u>
<u>**UI DISTRIBUTION NORTH AMERICA, INC.**</u>

1-8.    Plaintiff hereby adopts and re-alleges Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of Count XXIV of the Complaint as though fully set forth herein.

**ANSWER:**    This Answering Defendant hereby adopts and re-alleges its answers to Paragraphs 1 through 8 of Count XVII, as Paragraphs 1 through 8 of its answer to Count XXIV of the Complaint.

9.    That on said date and at all relevant times hereto, Defendant, UI DISTRIBUTION, committed one or more of the following acts and/or omissions thereby rendering the product

38

unreasonably dangerous and defective at the time the scaffolding left Defendant, UI DISTRIBUTION'S, control and entered the stream of commerce:

    a.    negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism so as to prevent from collapsing, when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

    b.    negligently and carelessly failed to properly design the scaffold and its component parts, including the leg locking mechanism, to include a fail safe device when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury;

    c.    negligently and carelessly failed to properly design the scaffold and its component parts, including the foot caster brackets, so as to properly, sufficiently, and adequately secure the leg extensions during use when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury; and

    d.    negligently and carelessly failed to properly design the scaffold and its component parts to include a mechanism by which it could be determined whether the leg extensions are level prior to and during use when the Defendant knew or should have known that such was reasonably necessary to avoid potential injury.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XXIV of the Complaint, Paragraph 9.

    10.    That as a direct and proximate result of one or more of the foregoing conditions, Plaintiff, ROY HICKSTEIN, was seriously and permanently injured when the scaffolding on which he was standing collapsed thereby causing him to fall to the ground.

**ANSWER:**    This Answering Defendant denies any allegations in paragraphs 1, 2, 7, 8 and 9 of Count XXIV were direct and proximate causes of plaintiff ROY HICKSTEIN's alleged injuries. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Count XXIV of the Complaint, Paragraph 10.

    11.    As a further direct and proximate result of the aforesaid injuries, Plaintiff, ROY HICKSTEIN, suffered physical pain and emotional suffering, sustained lost earnings and earning capacity, was disabled and disfigured, incurred legal liability for past medical bills, and will

likely incur future medical expenses and other damages, all of which injuries and conditions are permanent in nature.

**ANSWER:**    This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XXIV of the Complaint, Paragraph 11.

### AFFIRMATIVE DEFENSES

For further answer to Plaintiffs' Complaint and by way of affirmative defenses, this Answering Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
*Failure to State a Claim for which this Court can Grant Relief*
*Inadequate Warning Claims based on Strict Liability and Negligence*

Plaintiffs fail to state inadequate warning claims, based on negligence and strict liability, upon which this Court can grant relief against this Answering Defendant.  (Complaint, Counts XVII, XVIII, XIX, and XX.)

Plaintiffs fail to allege two required elements of an inadequate warning claim: that there was unequal knowledge, either actual or constructive; and then that this Answering Defendant knew or should have known that injury may occur if no warning was given.  These elements of an inadequate warning claim are required for both negligence and strict liability causes of actions.  (*Carrizales v. Rheem Mfg. Co*., 226 Ill. App. 3d 20, 25 (1991); *Mazikoske v. Firestone Tire & Rubber Co*., 149 Ill. App. 3d 166, 174 (1986).)

Since Plaintiffs have failed to state two required elements of an inadequate warning claim, this Answering Defendant is entitled to a dismissal of Counts XVII, XVIII, XIX, and XX of the Complaint.  (*Ungaro v. Rosalco, Inc*., 948 F. Supp. 783, 784 (N.D. Ill. 1996).)

### SECOND AFFIRMATIVE DEFENSE
*Failure to State a Claim for which this Court can Grant Relief*
*Design Defect Claims based on Strict Liability*

Plaintiffs fail to state design defect claims, based on strict liability, upon which this Court can grant relief against this Answering Defendant.  (Complaint, Counts XXI and XXII.)  Since this Answering Defendant is a distributor and not a manufacturer, plaintiffs must allege that this Answering Defendant had actual knowledge of the specific defect that caused the scaffolding at

issue in this action to collapse, which allegedly caused plaintiffs' injuries. (*Ungaro v. Rosalco, Inc.*, 948 F. Supp. 783, 786 (N.D. Ill. 1986); *see Lamkin v. Towner*, 138 Ill. 2d 510, 532 (1990).) Plaintiffs do not make such an allegation.

Since Plaintiffs have failed to state a required element of a design defect claim against a distributor based on strict liability, this Answering Defendant is entitled to a dismissal of Counts XXI and XXII of the Complaint. (*Ungaro v. Rosalco, Inc.*, 948 F. Supp. 783, 784 (N.D. Ill. 1996).)

THIRD AFFIRMATIVE DEFENSE
*Superseding Cause/Empty Chair Defense*

If the trier of fact finds this Answering Defendant negligent in fact, this Answering Defendant is not liable to plaintiffs since plaintiffs' employer, a non-party, failed to properly maintain and inspect the scaffolding at issue in this lawsuit, including leg locking mechanisms, and this failure was the sole proximate cause of the incident allegedly causing plaintiffs' alleged injuries, and an intervening act that superseded any finding of negligence against this Answering Defendant. (*McDonnell v. McPartlin*, 192 Ill. 2d 505, 516 (2000).)

This failure of plaintiffs' employer to properly maintain and inspect the scaffolding at issue in this lawsuit, including leg locking mechanisms, was not a reasonable foreseeable consequence of this Answering Defendant's alleged inadequate warnings or defective designs. (Complaint, Counts XVII, XVIII, XIX, XX, XXI, XXII, XXIII and XXIV.) (*Bentley v. Saunemin Township*, 83 Ill. 2d 10, 15 (1980).)

FOURTH AFFIRMATIVE DEFENSE
*Plaintiff's Comparative Fault*

Pursuant to Illinois statute 735 ILCS 5/2-1116 and the holding of the Illinois Supreme Court in *Coney v. J.L.G. Industries, Inc.*, 97 Ill. 2d 104, 118 (1983), any compensation the trier of fact requires this Answering Defendant to make to each plaintiff shall be diminished by the amount of the fault of each plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
*Plaintiff's Fault in Excess of 50% Bars Plaintiff's Recovery*

Pursuant to Illinois statute 735 ILCS 5/2-1116 and affirmed by the Seventh Circuit Court of Appeals in *Tidemann v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 726 (7th Cir. 2000), since each plaintiff's personal injury claims against this Answering Defendant include negligence and strict product liability causes of action, each plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault for the respective plaintiff is more than 50% at fault for the alleged injuries, regardless of any other theories of liability that plaintiffs may assert.

## SIXTH AFFIRMATIVE DEFENSE
*Safe Harbor*

Pursuant to Illinois statute 735 ILCS 5/2-1117, if the fault of this Answering Defendant, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, these Answering Defendants shall be severally liable for all damages other than past and future medical and medically related expenses.

## SEVENTH AFFIRMATIVE DEFENSE
*No Strict Liability for Distributors*

Pursuant to Illinois statute 735 ILCS 5/2-621, this Court must dismiss plaintiffs' strict product liability claims against this Answering Defendant, Counts XVII, XVIII, XXI, and XXII, for the following reasons:

1. This Answering Defendant has identified the manufacturer of the scaffolding alleged in the Complaint; and

2. This Answering Defendant has exercised no significant control over the design or manufacture of the specific scaffolding at issue in the Complaint; and

3. This Answering Defendant has provided no instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage; and

4. This Answering Defendant had no actual knowledge of the defect in the product which caused the injury, death or damage; and

5. This Answering Defendant did not create the defect in the scaffolding at issue in the Complaint that caused the injury, death or damage.

Viewing 735 ILCS 5/2-621 as a "substantive provision in diversity cases," this Court has dismissed claims failing to comply with 735 ILCS 5/2-621. (*Ison v. Invacare Corp.*, 2004 U.S. Dist. LEXIS 3993, *1-*4 (N.D. Ill. 2004); *Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F. Supp. 338, 341-342 (N.D. Ill. 1995); *Farris v. Satzinger*, 681 F. Supp. 485, 486-489 (N.D. Ill. 1987).)

EIGHTH AFFIRMATIVE DEFENSE
*Misuse – Strict Liability Causes of Action*

If the finder of fact determines that a plaintiff misused the scaffolding that allegedly caused his alleged injuries, that plaintiff may not recover against this Answering Defendant under his <u>strict product liability</u> causes of actions (Complaint, Counts XVII, XVIII, XXI, and XXII). A plaintiff misused the scaffolding if he failed to use the scaffolding in an intended or reasonably foreseeable manner. (*Lamkin v. Towner*, 138 Ill. 2d 510, 530-531 (1990); *Perez v. Fidelity Container Corp.*, 289 Ill. App. 3d 924, 934 (1997).)

NINTH AFFIRMATIVE DEFENSE
*Misuse – Negligence Causes of Action*

If the finder of fact determines that a plaintiff misused the scaffolding that allegedly caused his alleged injuries, plaintiff's misuse will operate to reduce plaintiff's recovery by that amount which the trier of fact finds him at fault for his negligence causes of actions (Complaint, Counts XIX, XX, XXIII, and XXIV). A plaintiff misused the scaffolding if he failed to use the scaffolding in an intended or reasonably foreseeable manner. (*Coney v. J.L.G. Industries, Inc.*, 97 Ill. 2d 104, 112 and 118 (1983).)

NINTH AFFIRMATIVE DEFENSE
*Punitive Damages*

Pursuant to Illinois statute 735 ILCS 5/2-604.1, plaintiffs cannot plead punitive damages in their Complaint and may only seek leave to amend the Complaint to include a punitive damages claim pursuant to a pretrial motion and after a hearing before this Court. This Court may grant plaintiffs request for leave to amend their Complaint if plaintiffs establish at the

required hearing that they have a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages.

WHEREFORE, this Answering Defendant prays that Plaintiffs take nothing by reason of their Complaint and that this court award this Answering Defendant its costs of suit, including attorneys' fees, and other such relief as this court may deem just and proper.

Dated this 16th day of June, 2005.


Respectfully submitted,


By:    __/s/Joseph F. Spitzzeri_____
       Attorneys for the Defendant, UI
       Distribution North America, Inc.

Joseph Spitzzeri
Rory L. Margulis
JOHNSON & BELL, LTD.
33 W. Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770