IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL MUSTARI and ROY HICKSTEIN )
)
                          Plaintiffs, )   No. 1:06-cv-02667
)
v. )   Judge Nordberg
)   Magistrate Denlow
UPRIGHT, INC., a foreign corporation, )
UPRIGHT SCAFFOLDING INC., a foreign )
Corporation, and UI DISTRIBUTION NORTH )
AMERICA, INC., a foreign corporation )
)
                        Defendants. )

## DEFENDANT UI DISTRIBUTION NORTH AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

### INTRODUCTION

Comes now defendant UI Distribution North America, Inc. ("UIDNA") and moves this Court for summary judgment or, in the alternative, summary adjudication as to plaintiffs Paul Mustari's ("Mustari") and Roy Hickstein's ("Hickstein") (collectively "Plaintiffs") Complaint at Law in this action on the grounds (1) the causes of action in strict liability are barred by the Illinois product liability statute of repose (735 ILCS 5/13-213); and (2) the causes of action in negligence fail because UIDNA has neither had any involvement whatsoever in the design, manufacture, sale, or distribution of the scaffolding that is the subject of this action, nor did it provide any parts, labor or material or otherwise have any connection with the subject scaffolding.

## STATEMENT OF UNDISPUTED FACTS

Plaintiffs filed suit for damages against UIDNA under theories of strict liability and negligence related to alleged injuries they sustained on March 31, 2004, when the scaffolding they claim to have been using during the painting of a building collapsed. *See,* Statement of Undisputed Material Fact In Support of Motion for Summary Judgment or, In the Alternative, Summary Adjudication ("SUF") at ¶ 7.) Plaintiffs allege that UIDNA "designed, manufactured and/or distributed and sold" the subject scaffolding. SUF at ¶ 8. Plaintiffs allege duplicate causes of action in strict liability and negligence for failure to warn/inadequate warnings and design defect against UIDNA. SUF at ¶ 9.

Plaintiffs have produced a number of photographs to UIDNA's counsel in this action which purport to depict the scaffold involved in Plaintiffs' accident. SUF at ¶ 10. The scaffolding depicted in the photographs that is the subject of this action was manufactured and sold in the mid to late 1960s, approximately 1964-1967, by UpRight, Inc., a California corporation then located in Berkeley, California. SUF at ¶ 11.

UIDNA did not come into existence until June 9, 2004. SUF at ¶ 12. Prior to that time, UIDNA was known as WRC Property Company. SUF at ¶ 13. WRC Property Company was first incorporated in the State of Delaware in or about March 2000. SUF at ¶ 14. On June 9, 2004, an amendment to the corporation's Certificate of Incorporation was filed with the Secretary of State of Delaware changing the corporate name from WRC Property Company to UI Distribution North America, Inc. SUF at ¶ 14.

UIDNA did not have active business operations until December 2004. SUF at ¶ 15. In fact, prior to the June 9, 2004 name change, the corporation had no active business

operations, but merely owned certain real estate in the states of California and Texas. SUF at ¶ 16.

Thus, UIDNA did not and could not have designed, manufactured, sold, distributed or otherwise had any connection with the scaffold that is the subject of Plaintiffs' complaint in this action. SUF at ¶ 17. Further, UIDNA never sold or otherwise provided any parts, labor, materials for or otherwise had any connection with the subject scaffold. SUF at ¶ 18.

## ARGUMENT

### A. Summary Judgment Is Appropriate Here, As It Is Undisputed The Subject Scaffold Was More Than 30 Years Old When Plaintiffs' Injuries Occurred And That UIDNA Had Nothing To Do With Its Design, Manufacture Or Distribution

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Even though plaintiffs have conducted no formal discovery to date on the details surrounding the manufacture of the subject scaffold, "[s]ummary judgment need not await discovery when the material facts are undisputed." *Walsh v. Heilmann*, 472 F.3d 504, 505 (7th Cir. 2006). Indeed, Rule 56 provides that a defendant may move for summary judgment "at any time . . . ."

As set forth in the accompanying statement of undisputed material facts and the discussion below, there is not, and cannot be, any dispute as to the factual bases supporting UIDNA's motion for summary judgment – (1) that the subject scaffold was designed and manufactured by UpRight, Inc. some 30 years ago and this action therefore falls within the Illinois statute of repose for product liability actions, and (2) that UIDNA therefore did not,

3

and could not have possibly been involved in its design, manufacture or distribution. Accordingly, UIDNA is entitled to judgment as a matter of law on all of plaintiffs' claims herein.

### B. Plaintiffs' Strict Liability Claims Are Barred By The Statute of Repose

The Illinois product liability statute of repose provides in pertinent part:

> [N]o product liability action based on any theory or doctrine shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

735 ILCS 5/13-213(b).[1] The term "product liability action" is defined as any action against a seller of a product for personal injury. *Id.* at 13-213(a)(3). The term "seller" is defined broadly to include anyone that is involved in the sale, leasing, distributing, manufacturing, fabricating, packaging, repairing or maintaining a product. *Id.* at 13-213(a)(4). The term "product" is any tangible good distributed in commerce. *Id.* at 13-213(a)(2).

The statute of repose is clear and unambiguous. *Thompson v. Walters*, 207 Ill. App. 3d 531, 534 (1991). It applies to any product liability action involving strict liability claims. *Id.* The earliest of the 10 and 12 year periods of repose is to be applied in each action against any type of seller. *Garza v. Navistar Int'l Transp. Corp.*, 172 Ill. 2d 373, 380 (1996). Further, as a substantive law, it bars a plaintiff's right to bring a cause of action even if the cause of action has not yet accrued. *Id.* at 536.

---

[1] The Illinois legislature's purpose in enacting the product liability statute of repose was to respond to the crisis of "rapidly increasing premiums for product liability insurance." *Thompson v. Walters*, 207 Ill. App. 3d 531, 537 (1991).

4

In *Garza v. Navistar Int'l Transp. Corp.*, the Illinois Supreme Court held that the plaintiff's product liability claims against the defendant Navistar and its distributor for injuries plaintiff suffered from being crushed by Navistar's product, a Dresser Payloader, were barred by both the 10 and 12 year periods of repose because the product was made and sold more than 10 years prior to the date plaintiff was injured and filed the action. *Id.* at 380-381. Likewise, in *Landry v. Martin*, 811 F. Supp. 367, 372 (N.D. Ill. 1993), this Court held that plaintiff building owner's claims against the maker of asbestos fireproofing materials installed in the building were barred by the statute of repose because plaintiff did not bring the claim until 22 years after the material had been first made and sold.

Here, Plaintiffs' strict liability claims also fail under the 10 or 12 year statue of repose.[2] Plaintiffs have provided defendant with photographs of the subject scaffolding, which have been reviewed and analyzed by Mr. Barris Evulich, a consulting professional engineer and former employee of the scaffolding manufacture, UpRight, Inc. SUF at ¶ 10; *see also* Affidavit of Barris J. Evulich In Support of Defendant UI Distribution North America, Inc.'s Motion for Summary Judgment ("Evulich Aff.") at ¶¶ 4 and 6. The subject scaffolding depicted in the photographs produced by Plaintiffs was originally manufactured and sold by UpRight, Inc., in the mid 1960s – *i.e.*, between 1964 and 1967. SUF at ¶ 11. Plaintiffs' alleged injuries, however, did not occur until March 31, 2004 – *i.e.*, more than 30 years after the subject scaffolding was first made and sold. SUF at ¶ 7.

Accordingly, Plaintiffs' strict liability claims are barred by the Illinois product liability statute of repose because their alleged injuries occurred more than 30 years after

---

[2] As set forth, *infra*, defendant UIDNA has presented undisputed facts which prove it did not design, manufacture, distribute or otherwise have any contact with the subject scaffold. However, even if it did—as alleged in ¶ 7, p.27 and ¶ 7, p.29 of Plaintiffs' Complaint at Law—the statute of repose would be applicable to bar their claims.

5

the product was first made and sold. 735 ILCS 5/13-213(b); *Garza,* 172 Ill.2d at 380-381; *Landry,* 811 F. Supp. at 372.

### C. Plaintiff's Negligence and Strict Liability Claims Also Fail Because UIDNA Never Had Any Connection to the Subject Scaffolding

Plaintiffs have alleged claims for negligent design and failure to warn, as well as identical strict liability design defect and failure to warn claims. SUF at ¶ 9. All of these claims must fail because UIDNA did not design or prepare any warnings or instructions for the subject scaffolding. In fact, UIDNA has had no connection to the subject scaffolding whatsoever.

The subject scaffolding was designed and sold by UpRight, Inc., sometime in the mid 1960s, while UIDNA, on the other hand, did not come into existence until June 9, 2004. SUF at ¶¶ 11 and 12. Prior to June 9, 2004, UIDNA was known as WRC Property Company, but WRC Property Company only came into existence in or about March 2000. SUF at ¶¶ 13-14. The name was changed from WRC Property Company to UIDNA on June 9, 2004. SUF at ¶ 14. Moreover, UIDNA had no active operations until December 2004. SUF at ¶ 15. And, prior to that time, it merely owned certain real estate in the states of California and Texas. SUF at ¶ 16.

As such, UIDNA did not and could not have designed, manufactured, sold, distributed, or labeled the scaffold that is the subject of this action. SUF at ¶ 17. Moreover, UIDNA never sold or otherwise provided any parts, labor or materials for the subject scaffold. SUF at ¶ 18. In fact, UIDNA has no connection to the subject scaffolding whatsoever. Therefore, Plaintiffs' claims also fail due to a complete failure a proof that UIDNA has had any involvement with the design, manufacturing or labeling of the subject

6

scaffolding. As such, Plaintiffs cannot state either negligence or strict liability claims against UIDNA arising out of the alleged failure of the subject scaffolding.

## CONCLUSION

Plaintiffs' strict liability claims are barred by the Illinois product liability statute of repose because their alleged injuries occurred more than 30 years after the product was first made and sold. 735 ILCS 5/13-213(b); *Garza*, 172 Ill.2d at 380-381; *Landry*, 811 F. Supp. at 372. In addition, Plaintiffs' negligence and strict liability design defect and failure to warn claims must fail due to a complete lack of proof that UIDNA had any involvement in the design, manufacturing or labeling of the subject scaffolding.

UIDNA, therefore, respectfully requests that summary judgment or, in the alternative, summary adjudication be granted in its favor as to Counts XVII – XXIV of Plaintiffs' Complaint at Law in this action.

Dated this 16th day of August, 2007.

Respectfully submitted,

By: /s/ Craig A. Livingston
Craig A. Livingston
One of the Attorneys for Defendant
UI Distribution North America, Inc.

Craig A. Livingston (Cal. State Bar #148551)
LIVINGSTON LAW FIRM, P.C.
1600 South Main Street, Suite 280
Walnut Creek, CA 94596
Telephone: (925) 952-9880

-and-

Joseph F. Spitzzeri
Rory L. Margulis
JOHNSON & BELL, LTD.
33 W. Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No. 06347